## Dull v. Bank of Redkey, Indiana.

[No. 9,955.   Filed November 20, 1919.]

MONEY PAID.—*Debt of Another.*—*Voluntary Payment.*—*Agreement to Repay.*—Evidence of a ratification and of a promise to repay will support an action for reimbursement for money voluntarily paid to discharge the taxes of another.

From Delaware Superior Court; *Robert M. Van Atta,* Judge.

Action by the Bank of Redkey, Indiana, against Welcome J. Dull.   From a judgment for the plaintiff, defendant appeals.   *Affirmed.*

*John F. La Follette, Joseph G. Leffler, Walter L. Ball* and *A. E. Needham,* for appellant.

*McClellan, Hensel & Guthrie* and *Frank B. Jaqua,* for appellee.

McMAHAN, J.—This action was commenced by the appellee against appellant to recover for labor performed in paying appellant's taxes and for taxes alleged to have been paid by it for appellant at his special request.

The appellant filed an answer in two paragraphs. The first was a general denial.   The second alleged that the payment by appellee of appellant's taxes was voluntary.   Appellee filed a reply to the second paragraph of answer, alleging that the appellant ratified.

the acts of appellee in making such payment, and promised and agreed to reimburse and pay appellee. The cause was tried by a jury, and resulted in a verdict and judgment being rendered for appellee in the sum of $127.30.

Appellant contends that the verdict is not sustained by sufficient evidence, and that the court erred in giving and in refusing to give certain instructions.

We have given careful consideration to the evidence and find that, although the jury would have been justified in finding that the payment of the taxes was voluntarily made, there is sufficient evidence to warrant a finding that the appellant ratified the act of appellee in making such payment, and thereafter promised and agreed to repay appellee. There being some evidence of ratification, it is sufficient to uphold the verdict. No exception is shown to have been taken to the giving or to the refusal to give any of the instructions to the jury.

No reversible error having been shown, the judgment is affirmed.

Nichols, J., not participating.